UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:13-CR-00128-F-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ELSA MARGARITA TROCHEZ, | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's Motion to Dismiss [DE-33]. The matter has been fully briefed and is now ripe for ruling. For the reasons more fully stated below, Defendant's Motion to Dismiss is DENIED without prejudice to either party to move for redaction of the indictment.

### Factual and Procedural Background

On December 12, 2013, a Criminal Complaint issued charging Defendant with violating 8 U.S.C. § 1326(a) and (b)(2). *See* Complaint [DE-1]. Defendant was indicted in a single-count indictment on December 17, 2013. The indictment provides as follows:

> On or about November 22, 2013, in the Eastern District of North Carolina, the defendant, ELSA MARGARITA TROCHEZ, also known as 'Sandra Hernandez', an alien, was found in the United States after having previously been excluded, deported, and removed from the United States at Atlanta, Georgia, on or about June 24, 2005, and again at Hidalgo, Texas, on or about February 6, 2006, and not having obtained the express consent of the Attorney General, or his successor, to reapply for admission thereto.
> All in violation of Title 8, United States Code, Section 1326(a) and (b)(2).

*See* Indictment [DE-9]. The indictment includes an allegation of prior conviction, which states:

> For purposes of Title 8, United States Code, Section 1326(b)(2), the defendant, ELSA MARGARITA TROCHEZ, also known as 'Sandra Hernandez', was excluded, deported and removed from the United States at Hidalgo, Texas, on

or about February 6, 2006, after having been convicted of a conspiracy to engage in interstate transportation of stolen property, an aggravated felony, on or about April 26, 2005, in the United States District Court for the Eastern District of North Carolina.

*Id.*

Defendant filed the instant Motion to Dismiss on April 10, 2014. [DE-33.] In her motion, Defendant initially argues that she is not an aggravated felon. *Id.* at 1-2. Citing *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), Defendant notes that under ordinary circumstances the Government has no obligation to allege the existence of an aggravated felony in the indictment. *Id.* at 2. Defendant contends, however, that this case is different because § 1326(b)(2) was incorporated into the charged conduct, and as such, it is no longer strictly a penalty provision. *Id.* Defendant concludes that by incorporating the allegation of an aggravated felony within Count One of the indictment, the Government created an essential element of the charged crime.[1] *Id.*

On April 22, 2014, the Government filed a Response in Opposition. [DE-34.] In its Response, the Government contends that Defendant is not entitled to dismissal of the indictment because the determination of whether she is an aggravated felon or a felon is an issue for the court at sentencing. *Id.* at 3-4. The Government argues that pursuant to *Almendarez-Torres*, prior convictions are not elements of the offense, and whether prior convictions were sustained or not, and how they are legally classified, is an issue for the presiding judge at sentencing. *Id.* at 4 n.1.

---

[1] Defendant illustrates the issue with the following explanation: "[T]he Defendant cannot, as charged, plead guilty to illegal reentry without also admitting that she is an aggravated felon. The language of Count One prevents this result, and therefore this addition has become an element of the crime." [DE-33 at 3.]

2

## Discussion

As noted, the indictment charges Defendant with violating 8 U.S.C. § 1326(a) and (b)(2).

Title 8, United States Code, Section 1326(a) provides:

> (a) In general
>
> Subject to subsection (b) of this section, any alien who- -
>
> (1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter
>
> (2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act, shall be fined under Title 18, or imprisoned not more than 2 years, or both.

18 U.S.C. § 1326(a). Title 8, United States Code, Section 1326(b) provides:

> (b) Criminal penalties for reentry of certain removed aliens
>
> Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection- -
>
> (1) whose removal was subsequent to a conviction for commission of three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony), such alien shall be fined under Title 18, imprisoned not more than 10 years, or both;
>
> (2) whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such title, imprisoned not more than 20 years, or both;

8 U.S.C. § 1326(b).

3

In *Almendarez-Torres*, the defendant, an alien, pled guilty to having been found in the United States after having been deported, in violation of 8 U.S.C. § 1326(a). 523 U.S. at 227. Title 8, United States Code, Section 1326(a) provides for a two-year maximum term of imprisonment, whereas Section 1326(b)(2) provides for a twenty-year maximum term when the prior removal came after a conviction for the commission of an aggravated felony. Almendarez-Torres conceded that his earlier deportation had taken place following three prior convictions for aggravated felonies, but he argued that because the indictment did not specifically mention the earlier aggravated felony convictions, he could only be sentenced to a maximum of two years. 523 U.S. at 227. The Supreme Court rejected Almendarez-Torres' argument, holding that the Sixth Amendment did not require the prior convictions to be treated as an element of the offense.

In this case, the court finds that consistent with the Supreme Court's holding in *Almendarez-Torres*, a prior conviction for an aggravated felony is not an element of the offense stated in 8 U.S.C. § 1326(a). Therefore, it seems proper to the court to remove the reference to § 1326(b)(2) from the charging language of Count One of the indictment.

## Conclusion

Based on the foregoing, it is ORDERED that Defendant's Motion to Dismiss [DE-33] is DENIED without prejudice to either party to move for redaction of the indictment to remove the reference to § 1326(b)(2) from the charging language of Count One of the indictment.

SO ORDERED.

This, the 1st day of May, 2014.

*James C. Fox*
JAMES C. FOX
Senior U.S. District Judge

4

Case 7:13-cr-00128-F   Document 35   Filed 05/01/14   Page 4 of 4